Thomas J. Secone v. Commissioner.
Secone v. Commissioner
Docket No. 33253.
United States Tax Court
1952 Tax Ct. Memo LEXIS 210; 11 T.C.M. (CCH) 504; T.C.M. (RIA) 52150; May 22, 1952
*210 Thomas J. Secone, pro se. Edward Pesin, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The respondent determined a deficiency of $102.88 in income tax for 1947. The issue is whether petitioner is entitled to a dependency credit of $500 for his brother-in-law. Petitioner filed his return for the taxable year with the collector of internal revenue for the first district of Pennsylvania. Findings of Fact Petitioner, a labor in coal mines, is married and resides in his own home in Tamaqua, Pennsylvania. In addition to his wife, petitioner's mother-in-law and brother-in-law, David S. Marchetti, a disabled veteran about 23 years of age in 1947, lived with him during all of the taxable year 1947. During 1947 David S. Marchetti attended McCann's Business School in Pittsville. He was not engaged in any occupation and performed no work for petitioner in that year. During 1947 David S. Marchetti received from the United States under the Servicemen's Readjustment Act of 1944, frequently called the "G. I. Bill of Rights", $780 for subsistence, $173.22 for school tuition, books and supplies, and $165 as disability compensation. *211 David S. Marchetti received board and lodging from petitioner in 1947, including lunches, without charge. Petitioner never asked his brother-in-law to pay for board and lodging because he was using his allowance for subsistence for other purposes. Neither petitioner nor David S. Marchetti ate all of their meals at home. Petitioner did not purchase any clothes for his brother-in-law. David S. Marchetti purchased a used automobile and diamond engagement ring and attended movies and shows in 1947 out of his Government allowance for subsistence and pension with the knowledge of petitioner. The brother-in-law paid cash for some of the gasoline he used in operating the car. Other gasoline was charged to an account he had at a service station. In his determination of the deficiency respondent refused to allow petitioner a credit of $500 for alleged dependency of David S. Marchetti. Opinion The difference between the parties is whether David S. Marchetti received more than one-half of his support during the taxable year from petitioner. The respondent's determination that he did not receive that amount of support is presumed to be correct, and petitioner's burden before us was to *212 overcome the presumption by competent evidence. Petitioner's contention that he contributed more than one-half of the support of his brother-in-law is based upon the theory that of the Government allowances only the amount of $173.22 received for tuition, books and supplies can be regarded as money used for support. He alleges that he contributed $750 by giving his brother-in-law board and lodging free of charge. Concerning the allowance of $780 for subsistence, petitioner alleges that it was used for entertainment and luxury and not for support. There was placed in evidence a statement of David S. Marchetti that during 1947 his bank balance increased $190.80; that his income was $1,445.60, consisting of $500 received from "members of family", $780 from the Government for subsistence, and a pension in the amount of $165.60; and that his expenses were $1,236.95, without including the cost of any clothing, cash purchases of gasoline for, or the cost of, his car, and amounts spent for meals outside of the home of petitioner. The expenses listed in the statement are $437.40 for repairs and other costs of operating the automobile, $100 for a diamond engagement ring, $411.50 for entertainment, *213 dues, charitable contributions, gifts, vacation and other trips, and $288.05 for hunting and fishing equipment, supplies and trips. No contention is made, and there is no proof, that any part of the $500 received from "members of family" was contributed by petitioner. Only a few of the items are supported by receipts. The figures used indicate that most of the other items of expense are estimates. From the statement, which is relied upon by petitioner to show the expenditures made by his brother-in-law, it is apparent that the alleged dependent used out of his own funds, including the $500 that he received from "members of family", for support an amount in excess of the alleged contribution of $750 by petitioner by way of free board and lodging, without including in the expenditures any amount for the cost of the car, clothing, meals away from petitioner's home or cash purchases of gasoline. Thus, he actually used, on a pro rata basis, substantially all of the subsistence allowance for his own support, except for lodging and meals supplied by petitioner. Petitioner cites no statute, and we know of none, which required the brother-in-law to use the subsistence allowance for only meals *214 and lodging. Petitioner's testimony respecting the amount of his contribution is no more than that he "figured" that he spent $750 for "room, board, meals and stuff", based upon an estimated cost of $2,000 during the year for food for the entire family. No evidence was offered to show how the remainder of $250 was computed as cost to petitioner for the room occupied by the alleged dependent. Assuming that the evidence is sufficient to establish that petitioner contributed $750 towards the support of his brother-in-law, it would avail petitioner nothing in view of the reliance upon other evidence showing an expenditure by the brother-in-law of an amount greatly in excess thereof out of his own funds. Petitioner is in no position to complain that some part of the subsistence allowance received by his brother-in-law was used for alleged luxuries. Petitioner was aware that he was indulging in some of the alleged luxuries and, in the absence of any evidence to the contrary, it can be presumed that he acquiesced in them, or at least made no complaint. That the activities met with his full approval is indicated by the fact that he refrained from asking his brother-in-law for money for *215 board and room because he was using his subsistence allowance for other purposes. Other evidence is that some of the expenditures were in connection with activities for the rehabilitation of the brother-in-law. From consideration of all of the evidence, we are unable to find that the respondent erred in disallowing the credit in controversy. Accordingly, Decision will be entered for the respondent.